896 F.Supp. 180 (1995)
Arthur E. SCHMALTZ, Plaintiff,
v.
NORFOLK & WESTERN RAILWAY COMPANY, a corporation, Defendant.
No. 91 C 6128.
United States District Court, N.D. Illinois, Eastern Division.
August 30, 1995.
*181 Steven George Bailey, Callis Law Firm, P.C., Granite City, IL, David J. Walker, William J. Harte, Ltd., Chicago, IL, for Arthur E. Schmaltz.
Evan Burton Karnes, II, Law Offices of Evan B. Karnes II & Associates, Chicago, IL, for Norfolk Southern Corp. and Norfolk and Western Ry. Co.

MEMORANDUM OPINION AND ORDER
BUCKLO, District Judge.
In an earlier decision, this court granted defendant's Daubert motion to exclude plaintiff's expert testimony. Defendant now seeks summary judgment in this FELA case on the ground that without expert testimony, plaintiff cannot prove causation. For the reasons stated herein, the motion is granted.

Background[1]
Plaintiff, Arthur E. Schmaltz ("Mr. Schmaltz"), was employed by defendant, Norfolk & Western Railway Company ("N & W"), as a carman. On May 1, 1990, at approximately 7:00 p.m., a contractor employed by N & W sprayed areas of the Calumet Yard with two herbicides, atrazine and tebuthiuron. Mr. Schmaltz began his shift at the Calumet Yard on May 1, 1990, at 11:00 p.m., after the spraying had concluded. On May 2, 1990, he began to experience respiratory irritation. Over the next three years, Mr. Schmaltz was treated by two physicians, Drs. Stephen Hessl ("Dr. Hessl") and Alvin Schonfeld ("Dr. Schonfeld"), who diagnosed him with Reactive Airway Dysfunction Syndrome ("RADS"), an asthma-type respiratory syndrome which occurs after high-level irritant exposures.[2] Mr. Schmaltz subsequently brought this action against N & W under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 51 et seq., alleging that his condition was caused by exposure to the herbicides in the Calumet yard. On March 6, 1995, this Court granted N & W's motion to bar the expert testimony of Drs. Dunlap, Hessl, and Schonfeld because Mr. Schmaltz *182 had failed to demonstrate that their opinions were admissible under FED. R. EVID. 702.

Proof of Causation
Summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R. Civ.P. 56. A genuine issue of material fact exists when "there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The party moving for summary judgment bears the initial burden of submitting affidavits and other evidentiary material to demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). The movant "can prevail just by showing that the other party has no evidence on an issue on which that party has the burden of proof." Brazinski v. Amoco Petroleum Additives Co., 6 F.3d 1176, 1183 (7th Cir.1993). Once the moving party has sustained its initial burden, the opposing party may not avoid judgment by resting upon the mere allegations or denials of the pleadings, but instead must come forward with specific evidence showing that there is a genuine issue for trial. Celotex Corp. v. Catrett, supra, 477 U.S. at 324, 106 S.Ct. at 2553.
N & W argues that it is entitled to summary judgment primarily because Mr. Schmaltz has failed to present any evidence of causation.[3] Under FELA, a railroad worker may recover for injuries "resulting in whole or in part from the negligence" of the railroad or its agents. 45 U.S.C. § 51. FELA is a broad, remedial statute that should be construed liberally. Kulavic v. Chicago & Illinois Midland Ry. Co., 1 F.3d 507, 512 (7th Cir.1993) (citation omitted). However, it is not a strict liability statute; a FELA plaintiff "must still prove the traditional common law elements of negligence, including foreseeability, duty, breach, and causation." Fulk v. Illinois Cent. Ry. Co., 22 F.3d 120, 124 (7th Cir.) (citations omitted), cert. denied, ___ U.S. ___, 115 S.Ct. 193, 130 L.Ed.2d 125 (1994). To be sure, the quantum of evidence sufficient to present a jury question of causation in FELA cases is less than that required in ordinary negligence cases. Claar v. Burlington N. R.R. Co., 29 F.3d 499, 503 (9th Cir.1994). Nevertheless, it is well settled that "FELA plaintiffs still must demonstrate some causal connection between a defendant's negligence and their injuries." Id.; see also Walden v. Illinois Cent. Gulf R.R., 975 F.2d 361, 364 (7th Cir. 1992) ("FELA is not a workmen's compensation act; causation must still be proved") (citation omitted); Moody v. Maine Cent. R.R. Co., 823 F.2d 693, 695 (1st Cir.1987) ("although a plaintiff need not make a showing that the employer's negligence was the sole cause, there must be a sufficient showing (i.e., more than a possibility) that a causal relation existed") (emphasis in original).
Expert testimony is generally required to establish a causal connection between an accident and an injury "unless the connection is a kind that would be obvious to laymen, such as a broken leg from being struck by an automobile." Moody v. Maine Cent. R.R. Co., supra, 823 F.2d at 695-96 (citing 4 F. Harper, F. James, O. Gray, THE LAW OF TORTS § 20.2 (2d ed. 1986)). See also PROSSER AND KEETON ON THE LAW OF TORTS 269 (5th ed. 1984) ("[w]here the conclusion [of causation] is not one within common knowledge, expert testimony may provide a sufficient basis for it, but in the absence of such testimony it may not be drawn"). The existence of a causal relationship between herbicide exposure and respiratory illness is not obvious to lay people. Cf. Claar v. Burlington N. R.R. Co., 29 F.3d at 504 (existence of a causal connection between chemical exposure and alleged injuries requires specialized knowledge); O'Conner v. Commonwealth Edison Co., 807 F.Supp. 1376, 1402-03 (C.D.Ill.1992) (existence of a causal connection between radiation exposure and cataracts requires introduction of expert testimony), aff'd, 13 F.3d 1090 (7th Cir.), cert. denied, *183 ___ U.S. ___, 114 S.Ct. 2711, 129 L.Ed.2d 838 (1994). The fact that Mr. Schmaltz's personal physician had to refer him to a specialist because she was unsure of the cause of his condition demonstrates that the determination of causation in this case is beyond the expertise of lay people.[4]
Therefore, to survive summary judgment, Mr. Schmaltz had to introduce admissible expert testimony that there is a causal relationship between the alleged herbicide exposure and his medical condition. Mr. Schmaltz has not produced any such testimony; he has only offered the opinions of Drs. Hessl and Schonfeld, which are inadmissible under FED. R. EVID. 702. See Schmaltz v. Norfolk and W. Ry. Co., 878 F.Supp. 1119 (N.D.Ill.1995). Accordingly, he has failed to establish the existence of an element of his case, i.e., causation, and N & W is entitled to summary judgment. Accord, O'Conner v. Commonwealth Edison Co., supra, 807 F.Supp. at 1404, aff'd, 13 F.3d at 1107; Claar v. Burlington N. R.R. Co., supra, 29 F.3d at 504.

Conclusion
For the reasons stated herein, there is no genuine issue of material fact on the issue of causation.[5] Accordingly, N & W's motion for summary judgment is granted.
NOTES
[1] The relevant facts are laid out in greater detail in this Court's March 6, 1995 Memorandum Opinion and Order. See 878 F.Supp. 1119 (N.D.Ill.1995).
[2] Mr. Schmaltz initially saw his own personal physician, Dr. Ann Marie Dunlap ("Dr. Dunlap"). Dr. Dunlap was unsure of the nature and cause of Mr. Schmaltz's condition and consequently referred him to Dr. Hessl.
[3] N & W argues that summary judgment is also appropriate because Mr. Schmaltz has failed to show foreseeability and breach of duty. However, I need not reach these issues because the causation question is dispositive.
[4] For this reason, Mr. Schmaltz's reliance on Gallick v. Baltimore & Ohio R.R. Co., 372 U.S. 108, 83 S.Ct. 659, 9 L.Ed.2d 618 (1963), is misplaced. As the Ninth Circuit observed, Gallick involved a situation "in which no special expertise was necessary to draw a causal inference" between an insect bite and a subsequent infection. See Claar v. Burlington N. R.R. Co., supra, 29 F.3d at 504. By contrast, expert testimony is required to prove causation in this case.
[5] Mr. Schmaltz also seeks reconsideration of my earlier ruling with respect to the proposed expert testimony of Drs. Hessl and Schonfeld. I have considered his arguments and reach the same conclusion as before.