Gregory **SIMPSON**, Plaintiff,

v.

**NORTHEAST ILLINOIS REGIONAL COMMUTER RAILROAD CORPORATION, d/b/a Metra, Defendant.**

No. 94 C 3443.

United States District Court, N.D. Illinois, Eastern Division.

Feb. 11, 1997.

tive or professional employee. Plaintiff will be directed to answer defendants' affirmative defense.

John Thomas Carr, Chicago, IL, Timothy O. O'Sullivan, Clayton, MO, for Plaintiff.

Weston W. Marsh, Richard Thomas Sikes, Jr., Anthony Joseph Carballo, Freeborn & Peters, Chicago, IL, for Defendant.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

The plaintiff, Gregory Simpson, brought suit under the Federal Employer's Liability Act (FELA), 45 U.S.C. § 51 *et seq.*, against the defendant, Metra, alleging that he was injured by exposure to chemicals at a Metra facility. In an earlier order, I excluded the testimony of Mr. Simpson's two physician experts on the issue of causation. Metra now has moved for summary judgment on Mr. Simpson's claims. Mr. Simpson has failed to oppose this motion, and for the following reasons, the motion is granted.

### Background

The following facts, culled in part from Metra's 12M statement, are deemed admitted for purposes of this motion because of Mr. Simpson's failure to controvert them. N.D. Ill. Local R. 12N(3). Mr. Simpson, a Metra employee, suffers from migraine headaches and panic attacks. He alleges that these conditions resulted from Metra's negligence in exposing him to certain chemicals at their facilities. Specifically, he claims that, from April 1990 until August 31, 1991, he was exposed to undiluted Low Suds 1971 and R & D 100 Cleaner ("the chemicals") while applying them to hot, running, diesel engines and then removing them by steam cleaning. He also alleges that, from May 27, 1992 until November 3, 1993, he again came into contact with undiluted R & D 100 while using it in various cleaning jobs.

Mr. Simpson sought treatment from doctors regarding his headaches and panic attacks. None of these doctors told Mr. Simpson that the chemicals were the cause of

his maladies. Instead, they found that Mr. Simpson's health problems were related to stress and a psychological disorder. Mr. Simpson's two primary physicians, Drs. George Urban and David Marder, were willing to testify that the chemicals at least played a role in causing Mr. Simpson's health problems. On Metra's motion, the Court barred Drs. Urban and Marder from testifying because Mr. Simpson had failed to show the admissibility of their opinions under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), and FED.R.EVID. 702.

### Lack of Causation

A court may award summary judgment to the moving party only when there is no genuine issue of material fact, and that party is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c). A genuine issue of material fact exists when a reasonable jury could return a verdict for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The movant "can prevail just by showing that the other party has no evidence on an issue on which that party has the burden of proof." *Brazinski v. Amoco Petroleum Additives Co.*, 6 F.3d 1176, 1183 (7th Cir.1993). In considering the motion, all reasonable inferences must be drawn in favor of the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). The opposing party may not avoid summary judgment, however, by resting upon the mere allegations of the pleadings, but instead must come forward with specific evidence showing that there is a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

Under FELA, a railroad worker may recover for injuries "resulting in whole or in part from the negligence" of the railroad or its agents. 45 U.S.C. § 51. FELA is a broad, remedial statute that should be construed liberally, *Kulavic v. Chicago & Illinois Midland Ry.*, 1 F.3d 507, 512 (7th Cir.1993) (citation omitted), and, as such, FELA cases may be submitted to a jury with a lower threshold of evidence than that required in ordinary negligence cases. *Fulk v. Illinois Cent. R.R.*, 22 F.3d 120, 124 (7th Cir.1993) (citation omitted). Nonetheless, FELA is not a strict liability statute, and a FELA plaintiff still must "prove the traditional common law elements of negligence, including foreseeability, duty, breach, and causation." *Id.* (citations omitted).

Expert testimony usually is necessary to establish a causal connection between an injury and its source "unless the connection is a kind that would be obvious to laymen, such as a broken leg from being struck by an automobile." *Schmaltz v. Norfolk & Western Ry.*, 896 F.Supp. 180, 182 (N.D.Ill. 1995) (quoting *Moody v. Maine Cent. R.R.*, 823 F.2d 693, 695–96 (1st Cir.1987) (citation omitted); *see also* PROSSER AND KEETON, THE LAW OF TORTS 269 (5th ed.1984) ("[w]here the conclusion [of causation] is not one within common knowledge, expert testimony may provide a sufficient basis for it, but in the absence of such testimony it may not be drawn"). The causal relationship between chemical exposure and migraine headaches and panic attacks is not obvious to an ordinary citizen. *See Schmaltz*, 896 F.Supp. at 182.

Metra asserts that summary judgment should be entered in its favor because Mr. Simpson has failed to establish negligence, foreseeability, or causation to support his claim. I previously have addressed this exact situation in another case. In *Schmaltz*, the plaintiff alleged that he suffered from a respiratory problem as a consequence of his exposure to herbicides at the defendant's railway yard. 896 F.Supp. at 181. After I barred the plaintiff's experts from testifying about causation, I granted the defendant's motion for summary judgment because the plaintiff was unable to demonstrate any issues of material fact on the causation issue. *Id.* at 183.

The instant case presents virtually identical facts to those in *Schmaltz*. Without the testimony of Drs. Urban and Marder, Mr. Simpson cannot prove that his injuries

were caused by Metra's negligence.[1] Mr. Simpson's failure to oppose this motion further demonstrates his inability to offer any genuine issue of material fact. Accordingly, Metra's motion for summary judgment is granted.

---

1. Because the issue of causation is dispositive of this motion, I need not reach Metra's other grounds for summary judgment.